UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | |
|---|---|
| Starks Fincher, Jr., ) | C/A No.: 7:13-cv-02891-GRA |
| ) | (Cr. No.: 7:08-cr-01219-GRA) |
| Petitioner, ) | |
| ) | **ORDER** |
| v. ) | (Written Opinion) |
| ) | |
| United States of America, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

This matter comes before this Court on Petitioner Starks Fincher, Jr.'s ("Petitioner's") Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("§ 2255 Motion"). ECF No. 112. Plaintiff brings this claim *pro se*. This Court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *Boag v. MacDougall*, 454 U.S. 364, 365 (1982).

"As a threshold matter, it is well established that defendants convicted in federal court are obliged to seek habeas relief from their convictions and sentences through § 2255." *Rice v. Rivera,* 617 F.3d 802, 807 (4th Cir. 2010) (citing *In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997)). However, 28 U.S.C. § 2255(h) states that "[a] second or successive [§ 2255] motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals . . . ." The district court lacks jurisdiction to consider a second or successive § 2255 motion without this pre-filing authorization. *See* 28 U.S.C. § 2244(b)(3)(A) (stating that "[b]efore a second or

successive application . . . is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."); *Vial*, 115 F.3d at 1194.

Here, Petitioner previously filed a § 2255 motion, which was dismissed by this Court.[1] ECF No. 79. The United States Court of Appeals for the Fourth Circuit Court denied Petitioner a certificate of appealability and dismissed his appeal.[2] *See* ECF No. 91. Petitioner does not allege that he has obtained an order of certification from the Fourth Circuit authorizing this Court to consider his second § 2255 motion. Therefore, the instant petition should be dismissed because this Court lacks jurisdiction to hear a second/successive § 2255 motion filed by Petitioner.

**IT IS THEREFORE ORDERED** that Petitioner's Motion is DISMISSED without prejudice. The Court declines to issue a certificate of appealability in this matter.[3]

**IT IS SO ORDERED.**

G. Ross Anderson, Jr.
Senior United States District Judge

October  24 , 2013
Anderson, South Carolina

---

[1] Petitioner raised four claims in his previous § 2255 motion. This Court denied relief on three of the claims and construed the fourth claim as a motion under 18 U.S.C. § 3582(c)(2). ECF No. 79.

[2] The Fourth Circuit denied a certificate of appealability and dismissed the portion of Petitioner's appeal concerning the claims under § 2255, but modified this Court's Order to "reflect that the motion is dismissed without prejudice to Fincher's right to file another § 3582(c)(2) motion". ECF No. 91.

[3] When a district court issues a final ruling adverse to the Petitioner on a habeas petition, the court must issue or deny a certificate of appealability. *See* Rule 11(a) of the Rules governing 28 U.S.C. § 2254 & 2255. The Court has reviewed its order and declines to issue a certificate of appealability, as petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *Miller-El v. Cockrell*, 537 U.S. 322 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (holding that, to satisfy § 2253(c), "a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.").